IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

USBC-MD B FILED
9 JUN 26 AM 8:15

| | |
|---|---|
| In Re: | ) |
| LORI E. DEGRAFFENREID CANN, | ) Case No.: ______________ |
| | ) |
| Debtor. | ) Chapter 13 |
| | ) |

DEBTOR'S EMERGENCY MOTION TO IMPOSE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(4)(B)

Lori E. DeGraffenreid Cann, Debtor, Pro Se, pursuant to 11 U.S.C. § 362(c)(4)(B), moves this Court to enter an Order Imposing the Automatic Stay against Select Portfolio Servicing, Inc. ("SPS") and its substitute trustees, to halt the foreclosure sale of Debtor's primary residence scheduled for Tuesday, June 9, 2026, at 9:00 a.m. In support thereof, Debtor's state:

1. Debtor filed the Chapter 13 Petition in good faith based on a total correction of past operational disruptions. While the foreclosing bank paints Debtor as a bad-faith serial filer, Debtor states under penalty of perjury that those prior actions were not filed as bad-faith delay tactics; rather, they were filed by an unrepresented homeowner operating under profound duress. Over the past 18 months, Debtor has faced extreme systemic pressure, including intensive employment disruptions following federal shutdowns, and managing household demands in a challenging US economy.

2. Left without representation due to successive instances of professional abandonment, and having exhausted the household financial resources on unearned attorney retainers, Debtor was forced to conduct her own exhaustive, pro se forensic discovery. Debtor freely admits that she severely underestimated the grueling complexity of performing a forensic accounting audit of a mortgage note that has been aggressively transferred across five separate non-bank servicing platforms.

3. This discovery has uncovered a material, objective Change in Circumstances that completely differentiates today's filing from any prior action, as fully detailed in the 15-year Forensic Accounting and Servicing Violation Timeline attached hereto as Exhibit 1. Furthermore, on May 15, 2026, the current servicer (SPS) issued a formal written admission confirming they do not possess verified ledger data for this loan.

4. Debtor is not standing before this Court today to abuse the system. Armed with the bank's own written admissions of accounting failure and database identity corruption, Debtor now has the information required to initiate a Chapter 13 reorganization, object to the bank's proof of claim, and protect her family's home under federal law.

WHEREFORE, Debtor respectfully requests that this Court enter an Emergency Order Imposing the Automatic Stay under 11 U.S.C. § 362(c)(4) to freeze the June 9, 2026 foreclosure sale pending a hearing on these material data defects.

Dated: June 9, 2026

Respectfully submitted,

Lori E DeGraffenreid Cann, Debtor, Pro Se
755B 220th Street, Pasadena, MD 21122

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| In Re: | ) |
| LORI E. DEGRAFFENREID CANN, | ) Case No.: ________________ |
| | ) |
| Debtor. | ) Chapter 13 |
| ______________________________ | ) |

ORDER IMPOSING THE AUTOMATIC STAY

Upon consideration of the Debtor's Emergency Motion to Impose the Automatic Stay, and any response thereto, and it appearing that this case was filed in good faith under 11 U.S.C. § 362(c)(4)(B), it is this _____ day of ________________, 2026, by the United States Bankruptcy Court for the District of Maryland, hereby:

ORDERED, that the Debtor'S Motion is GRANTED; and it is further

ORDERED, that the Automatic Stay of 11 U.S.C. § 362(a) is hereby IMMEDIATELY IMPOSED and shall apply to all entities, including Select Portfolio Servicing, Inc., CIM Trust 2025-NR1, and its substitute trustees, freezing the foreclosure sale of the property located at 755B 220th Street, Pasadena, MD 21122, scheduled for June 9, 2026.

______________________________

UNITED STATES BANKRUPTCY JUDGE

Exh. B-1 5 pages

# MORTGAGE SERVICING VIOLATION CASE SUMMARY

**MAY 2026 URGENT UPDATE:** MATERIAL DUE PROCESS & RESPA VIOLATION:

- **April 16, 2026:** Borrower sent a formal Qualified Written Request (QWR) / Request for Information to servicer Select Portfolio Servicing (SPS) demanding an itemized accounting breakdown.
- **April 20, 2026:** SPS issued a formal letter acknowledging receipt of the QWR.
- **April 23, 2026:** Just three days later, SPS issued a Notice of Foreclosure Sale.
- **May 15, 2026:** SPS issued a follow-up letter explicitly admitting they do not have the requested accounting data processed and "are working on" retrieving the information (See Exhibit B).
- **May 19, 2026:** Foreclosure counsel Aldridge Pite, LLP issued a Notice of Foreclosure Sale scheduled for June 9, 2026.
- **Current Status:** The Plaintiffs are actively attempting to auction the property on June 9, 2026, while their federal statutory window to respond to the QWR is still running, and without ever providing the Borrowers with an itemized Statement of Debt or any specific dollar figures required to cure the alleged default. This constitutes a profound breach of Maryland foreclosure prerequisites and federal consumer protections.

| | |
|---|---|
| Borrowers | Justin R. Cann (Note); Justin R. Cann & Lori E. Cann (Deed of Trust; 2018 Modification) |
| Property | 755B 220th Street, Pasadena, MD 21122 (Anne Arundel County) |
| Origination | September 7, 2007 – Bank of America, N.A. - 100% financed (CAP program) - $242,400 @ 6.875% fixed / $60,600 2nd @ 9.25% balloon (forgiven 1/26/2015 BofA Settlement) |
| Current Servicer | Select Portfolio Servicing, Inc. (SPS) - Account #0026798330 |
| Current Investor | CIM Trust 2025-NR1 (U.S. Bank Trust Company, National Association as Indenture Trustee, c/o SPS) - assigned July 1, 2025 |
| 2018 Modification | Effective August 1, 2018 - New principal $300,277.68 ($20,277.68 forgiven; interest-bearing balance $280,000) @ 6.875% - recorded Book 32585, Anne Arundel County |
| Current Balance | $270,627.19 (Jan 2026) - $28,227.19 more than original principal |

## SERVICERS

| | | |
|---|---|---|
| Bank of America / BAC Home Loans | Sept 2007–Aug 2011 | 100% financed CAP loan with multiple origination violations; deed not recorded for 7 months; no GFE in file; rate changed at closing without disclosure; unsigned required disclosures |
| Green Tree Servicing LLC | Sept 2011–Aug 2015 | CRITICAL: Returned 4 confirmed payments within 60-day RESPA-protected window; Notice of Default issued Oct 14, 2011 (44 days post-transfer); QWR ignored; DOCUMENTED DUAL TRACKING – Deed of Appointment of Substitute Trustees recorded 1/24/2014 (BK 27008/256), Circuit Court Case C14184709; CFPB/FTC fined $63M (April 2015) for exact same conduct; invalid Countrywide assignment (Nov 2011–May 2012 = 8 months of unauthorized servicing) |
| Ditech Financial LLC (Green Tree merger) | Aug 2015–Nov 2016 | Green Tree merged INTO Ditech Aug 31, 2015 (Delaware Certificate of Merger); no RESPA transfer notice sent; June 2017 data breach exposed borrower NPI in bankruptcy court filings; escrow analysis failures for bankruptcy borrowers documented by CFPB |

| | | |
|---|---|---|
| Shellpoint (New Penn Financial) | Dec 2016–Oct 2019 | Hello letter shows corrupted data (First Payment Due Date: 01/01/2013); Sept 2017 statement shows 1,631 days delinquent (calculated from corrupted date); Lori listed under maiden name 'DeGraffenreid' from first statement (9/18/2017) despite not being on Note; illegal property inspection fees ($15); payments held in suspense; DUAL TRACKING VIOLATION March 14, 2018 (foreclosure sale scheduled 3/20/2018 while modification under review); CFPB fined $2.8M (2022); MD OFR found $270K+ in illegal fees to MD borrowers |
| Select Portfolio Servicing | Oct 2019–Present | No RESPA goodbye/hello letters for transfer; Lori listed as borrower on all statements despite not being on Note (pre-modification); prior FTC consent order for RESPA/FDCPA violations; current imminent foreclosure threat |

## Investor Chain (Anne Arundel County Land Records)

| Recorded | Book/Page | From | To | Flag |
|---|---|---|---|---|
| 3/31/2008 | BK 20019/371 | – (Origination) | Bank of America, N.A. | |
| 11/30/2011 | BK 20019 | Countrywide Home Loans | Green Tree Servicing LLC | VOID |
| ~5/2012 | BK 20019 | Bank of America, N.A. | Green Tree Servicing LLC (corrective) | |
| 1/30/2017 | BK 30586/156 | Green Tree Servicing LLC | Fannie Mae | Signed 8/27/2011 – recorded 5+ years late |
| 1/30/2017 | BK 30586/158 | Fannie Mae (by MTGLQ as attorney-in-fact) | MTGLQ Investors, L.P. (Goldman Sachs) – labeled 'FNMA NPL4' | NPL = Non-Performing Loan |
| 4/15/2020 | BK 34444/77 | MTGLQ Investors, L.P. | Fifth Avenue Trust c/o Wilmington Savings Fund Society, FSB | |
| 4/15/2020 | BK 34444/78 | Fifth Avenue Trust | Liberty Revolving Trust c/o Wilmington Savings Fund Society | |
| 10/4/2023 | BK 39968/67 | Liberty Revolving Trust (by SPS as attorney-in-fact) | CIM Trust 2021-NR4 (U.S. Bank N.A. as Indenture Trustee) | SPS executing assignment for investor |
| 10/8/2024 | BK 40780/488 | CIM Trust 2021-NR4 (USB N.A.) | CIM Trust 2021-NR4 (USB Trust Co.) – internal trustee substitution | |
| 7/9/2025 | BK 41467/473 | CIM Trust 2021-NR4 (USB Trust Co., by SPS) | CIM Trust 2025-NR1 (USB Trust Co. as Indenture Trustee) – CURRENT INVESTOR | Most recent – NR = Non-Performing |

NOTE: An 8-year gap exists in recorded assignments between May 2012 and January 2017. The Green Tree to Fannie Mae assignment was signed August 27, 2011 but not recorded until January 30, 2017 – over 5 years late. The loan was designated 'NPL4' (Non-Performing Loan) when sold to MTGLQ, directly traceable to Green Tree's manufactured delinquency.

## Origination Violations – Bank of America (2007)

| # | Finding | Legal | Severity |
|---|---|---|---|
| 1 | No formal Good Faith Estimate in loan file – only internal 'Purchase Loan Analysis' sheets | RESPA §5 | CRITICAL |
| 2 | 2nd mortgage rate increased 0.125% at closing with no documented changed circumstance | TILA | CRITICAL |

| | | | |
|---|---|---|---|
| 3 | 2nd mortgage term shown as 360 months in estimates; actual was 180-month balloon | TILA, Predatory Lending | CRITICAL |
| 4 | Sept 6, 2007 commitment letter shows 6.750% rate; final loan closed at 6.875% with no explanation | TILA | CRITICAL |
| 5 | ABA disclosure unsigned; fee disclosure (BAM047T) unsigned; sponsoring org field blank | RESPA §5, §8 | HIGH |
| 6 | TILA disclosure signed by Justin only; Lori (co-borrower on Deed) did not sign TILA for 1st mortgage | TILA | HIGH |
| 7 | Lori absent from 2nd mortgage HUD-1 (File No. 1119-1736256) | RESPA | MEDIUM |
| 8 | TILA Amount Financed discrepancy – ~$300 unaccounted in prepaid finance charge calculation | TILA | HIGH |
| 9 | Yield Spread Premium ($1,212) inadequately disclosed | TILA, RESPA | MEDIUM |
| 10 | Closing costs exceeded estimate by $477.75 without valid changed circumstance | RESPA Tolerance Rules | MEDIUM |
| 11 | Lori removed from final commitment letters (Sept 6) after being named in Aug 17 commitment | TILA, ECOA | HIGH |
| 12 | Property assessed at $164,600 / last sold $220,000 (2004); purchased $303,000 on 100% financed loan; appraisal not in file | Predatory Lending | MEDIUM |
| 13 | Seller signatures absent from settlement extension addendum – not validly executed | Contract Law | MEDIUM |

## Chain of Title Violations

| # | Finding | Legal | Severity |
|---|---|---|---|
| 14 | Countrywide (already absorbed into BofA) executed assignment to Green Tree in Sept 2011 – legally void; corrective assignment not filed until May 2012 | Chain of Title, RESPA §6 | CRITICAL |
| 15 | 8-month gap (Nov 2011–May 2012) where Green Tree serviced under invalid assignment | Unauthorized Servicing | CRITICAL |
| 16 | Promissory Note endorsed 'Pay to the Order of _____ Without Recourse' – blank payee (bearer paper); Note signed by Justin only | Holder-in-Due-Course, Foreclosure Standing | CRITICAL |
| 17 | Green Tree→Fannie Mae assignment signed August 27, 2011 but not recorded until January 30, 2017 – over 5 years late | Chain of Title | CRITICAL |
| 18 | 8-year gap in recorded assignments (May 2012–Jan 2017) – loan transferred without public record | Chain of Title, Foreclosure Standing | CRITICAL |
| 19 | Deed of Trust not recorded for ~7 months after closing (signed 9/7/2007; recorded 3/31/2008) | Title/Recording | MEDIUM |
| 20 | Parcel ID inconsistency: '338890072632' vs '02033889007632' across documents | Chain of Title | MEDIUM |

## Green Tree Servicing Violations (2011–2015) – Documented Payment Crisis

| # | Finding | Legal | Severity |
|---|---|---|---|
| 21 | Notice of Default issued October 14, 2011 – only 44 days after transfer, within the 60-day RESPA-protected post-transfer window (RESPA §6(d) prohibits treating payments as late during this period) | RESPA §6(d) | CRITICAL |

| | | | |
|---|---|---|---|
| 22 | Green Tree confirmed receipt of October ACH payment in writing (Oct 1, 2011 letter to Lori Cann) then claimed two months unpaid 11 days later. Green Tree's own letter proves the payment was processed. | RESPA §6, FDCPA | CRITICAL |
| 23 | Four payments made Sept–Dec 2011 (documented with check numbers, USPS tracking, bank records) never credited; returned with notation 'WILL NOT RESOLVE' | RESPA §6, FDCPA | CRITICAL |
| 24 | December 28, 2011 letter from Justin Cann disputing four uncredited payments constitutes a Qualified Written Request under RESPA §6(e). Green Tree never provided a legally compliant response. | RESPA §6(e) QWR | CRITICAL |
| 25 | Loan designated 'NPL4' (Non-Performing Loan) when sold to MTGLQ Investors (Goldman Sachs) in January 2017 – directly traceable to manufactured delinquency | Consequential Damages | CRITICAL |
| 26 | Forced bankruptcy filing October 27, 2014 to stop imminent foreclosure – direct consequence of manufactured delinquency. Bankruptcy attorney did not identify RESPA violations (discovery rule tolling argument) | RESPA §6(f) Consequential Damages | CRITICAL |
| 27 | DOCUMENTED DUAL TRACKING: Deed of Appointment of Substitute Trustees recorded January 24, 2014 (Book 27008, Pages 256–257) proves Green Tree formally initiated foreclosure – Anne Arundel County Circuit Court Case No. C14184709 – while modification application was simultaneously pending. Falls within period covered by April 2015 CFPB/FTC $63M consent order against Green Tree. | RESPA §1024.41(g), CFPB Consent Order | CRITICAL |
| 28 | No notice found for Green Tree to Ditech transition (merger Aug 31, 2015) | RESPA §6 | HIGH |
| 29 | Ditech June 2017 data breach: NPI (potentially DOB, DL#) exposed in bankruptcy court filings without proper redaction | Privacy Law, FCRA | MEDIUM |

## Green Tree – June 2014 Modification Denial and Trial Period

On June 23, 2014, Green Tree sent two letters on the same date that together reveal a pattern of deficient loss mitigation evaluation.

| # | Finding | Legal | Severity |
|---|---|---|---|
| 30a | HAMP denial letter (June 23, 2014) states gross monthly income verified at $6,381.78/month (~$76,581/year). 31% threshold = $1,978.35/month. Green Tree claimed first lien PITIA was at or below this threshold. Original P&I of $1,592.40 plus escrow must be examined – if escrow exceeded $385.95/month (Shellpoint's 2017 statement showed ~$535 escrow), PITIA exceeded the 31% threshold and the HAMP denial was based on an incorrect calculation. | RESPA §1024.41, HAMP Guidelines, FNMA Servicing Guide | CRITICAL |
| 30b | HAMP denial letter states Green Tree did NOT review borrowers for FNMA Cap & Extend Modification or FNMA Standard Modification 'because you were approved for a loss mitigation option.' The approved option was a trial period plan at $1,534.10 – only $58.30 (3.7%) less than the regular payment of $1,592.40. FNMA modification guidelines required meaningfully greater payment relief through rate reduction and term extension. Declining to evaluate for Standard or Cap & Extend Modifications was improper when the approved alternative failed to meet minimum reduction thresholds. | RESPA §1024.41(c), FNMA Servicing Guide | CRITICAL |

| | | | |
|---|---|---|---|
| 30c | Trial period plan letter (June 23, 2014) offered three payments of $1,534.10 due August 1, September 1, and October 1, 2014. Third trial payment was due October 1, 2014 – just 26 days before the bankruptcy filing of October 27, 2014. No permanent modification was ever executed under this trial period. The modification process was derailed by the imminent foreclosure that forced bankruptcy. | RESPA §1024.41, Consequential Damages | CRITICAL |
| 30d | Green Tree simultaneously: (a) offered trial modification at $1,534.10/month; (b) had active foreclosure in Circuit Court Case C14184709 (filed January 2014); and (c) denied HAMP and withheld evaluation for Standard/Cap & Extend Modifications. A properly calculated modification targeting 31% of income ($1,978.35) could have resulted in a payment the borrowers could sustain, potentially preventing the bankruptcy filed 26 days after the final trial payment. | RESPA §1024.41(g) Dual Tracking, §6(f) Consequential Damages | CRITICAL |
| 30e | HAMP denial letter discloses credit score of 540 as of June 18, 2014, citing 'serious delinquency and public record or collection filed' as adverse factors. This credit damage was itself caused by Green Tree's manufactured delinquency beginning September 2011. Green Tree used a credit score it had damaged through its own violations as part of the modification evaluation framework – compounding the original harm. | RESPA §6(f) Consequential Damages, FCRA | HIGH |
| 30f | Green Tree's verified income figure of $6,381.78/month does not match documented facts: Justin Cann's paycheck showed gross monthly income of $6,258.34 – a discrepancy of $123.44. Lori Cann had no income (sole caregiver to three children including two under age 5). With Justin as the only income earner, there is no legitimate documented source for the $123.44 difference. HAMP required servicers to use documented, verifiable, stable income from pay stubs or tax returns. The inflated income figure raised the 31% threshold from the correct $1,940.08 to $1,978.35 – making it easier to claim PITIA was below the threshold. A single-income household of five persons (income $6,258.34/month) carrying combined housing costs exceeding $2,500/month had a total housing burden above 40% of gross income – precisely the situation HAMP was designed to address. | RESPA §1024.41, HAMP Income Verification Guidelines, Consequential Damages | CRITICAL |

KEY DOCUMENTS:

1. 'CFPB Waterfall Denial For Approved TPP Letter – GSE' dated June 23, 2014 (CFPB-mandated form LTR-1003) showing income of $6,381.78 and HAMP denial;
2. 'FNMA Mod Trial Period Plan Notice' dated June 23, 2014 (FNMA-mandated form LTR-1038) showing trial payments of $1,534.10;
3. Justin Cann paycheck showing documented gross monthly income of $6,258.34;
4. Lori Cann had no income – sole caregiver to three children including two under age 5. Attorney should request: (a) Green Tree/Ditech complete NPV and waterfall calculations for this evaluation; (b) actual escrow amount as of June 2014; (c) all income documentation Green Tree used and source of the $123.44 discrepancy; (d) complete modification file from Bankruptcy Court Case No. 14-27225, District of Maryland.

Shellpoint Mortgage Servicing Violations (2016–2019)

| # | Finding | Legal | Severity |
|---|---|---|---|
| 30 | DUAL TRACKING VIOLATION: March 14, 2018 letter states foreclosure sale scheduled March 20, 2018 (6 days away) while simultaneously advising loss mitigation application under review | RESPA §1024.41(g) | CRITICAL |
| 31 | Sept 18, 2017 statement (first statement) shows 1,631 days delinquent – calculated from corrupted 'First Payment Due Date: 01/01/2013,' predating Shellpoint's own servicing by 3+ years | RESPA §6, Reg. X | CRITICAL |

| | | | |
|---|---|---|---|
| 32 | Lori Cann listed under maiden name 'LORI ELAINE DEGRAFFENREID' on first Shellpoint statement (9/18/2017) – name appears on no mortgage document; she is not on the Note; this predates the 2018 modification by ~11 months | FDCPA, RESPA | CRITICAL |
| 33 | Illegal property inspection fee charged to Maryland borrower ($15.00 on 8/22/2017) – MD OFR enforcement action confirmed Shellpoint illegally charged $270K+ in such fees to MD borrowers | MD Consumer Protection Act, RESPA | HIGH |
| 34 | BPO/Appraisal fee ($95.00 on 9/7/2017) charged to account, likely in preparation for foreclosure proceeding | RESPA, Loan Documents | HIGH |
| 35 | Payments received but held in suspense account rather than applied – $2,337.78 in current period, $11,563.20 YTD as of Sept 2017 statement | RESPA §6 | HIGH |
| 36 | 2018 modification capitalized $300,277.68 including costs accumulated during improper foreclosure proceeding and dual tracking period | RESPA §6(f) Consequential Damages | HIGH |

## Select Portfolio Servicing Violations (2019–Present)

| # | Finding | Legal | Severity |
|---|---|---|---|
| 37 | PARTIAL VIOLATION – Shellpoint goodbye letter missing. SPS sent a welcome letter dated October 2, 2019 (one day after October 1 effective date – within RESPA's 15-day window). However: (1) Shellpoint goodbye letter required at least 15 days BEFORE transfer (by ~September 15, 2019) – the September 19, 2019 Shellpoint statement merely references a transfer; it is not a compliant RESPA §6(b) notice; (2) the SPS October 2 letter states borrowers 'should have received recent communications from both...Shellpoint...and SPS' – implying an earlier SPS notice was sent that was not received; (3) the SPS letter still addresses Lori Cann under maiden name 'LORI ELAINE DEGRAFFENREID CANN' appearing on no mortgage document. | RESPA §6(b) – Shellpoint goodbye violation remains; SPS hello letter timely but questions remain about prior SPS notice | HIGH |
| 38 | Principal balance $271,893.70 in Oct 2019 – $29,493.70 more than 2007 origination balance | Servicer Accounting, RESPA §6 | CRITICAL |
| 39 | Lori Cann (and 'Lori Elaine Cann') listed on all SPS statements as borrower; prior FTC consent order for RESPA/FDCPA violations | FDCPA, RESPA | HIGH |
| 40 | SPS executed assignments of Deed of Trust as attorney-in-fact for investors (Liberty Revolving Trust, CIM Trust 2021-NR4) creating conflict of interest in chain of title | Foreclosure Standing, Fiduciary Duty | HIGH |

---

| Document | Issue |
|---|---|
| Deed of Trust + Void Assignment + Corrective Assignment + Note | Invalid Countrywide assignment; bearer paper Note; 8-month unauthorized servicing gap |
| Green Tree ACH Confirmation Letter (Oct 1, 2011 to Lori Cann) | CRITICAL: Proves Green Tree processed October payment then claimed two months unpaid 11 days later |
| Green Tree Notice of Default (Oct 14, 2011) | CRITICAL: Issued 44 days post-transfer, within RESPA 60-day protected window |
| Justin Cann QWR letter (Dec 28, 2011) with payment details | CRITICAL: Documents 4 payments with tracking numbers; constitutes legally cognizable QWR under RESPA §6(e) |
| Green Tree Returned Payment Letters (Jan–Feb 2012) | 'WILL NOT RESOLVE' – proves refusal to apply valid payments |

| | |
|---|---|
| Delaware Certificate of Merger (Aug 13, 2015) | Proves Ditech merged INTO Green Tree – same legal entity; no transfer notice required or sent |
| Shellpoint Statement (Sept 18, 2017 – First Statement) | 1,631-day delinquency from corrupted date; Lori under maiden name; $15 inspection fee; payments in suspense |
| Deed of Appointment of Substitute Trustees (Book 27008/256, Jan 24, 2014) | CRITICAL: Proves Green Tree formally initiated foreclosure proceedings – Anne Arundel Circuit Court Case C14184709 – while modification application pending. Documentary proof of 2014 dual tracking violation. |
| Shellpoint Dual Tracking Letter (March 14, 2018) | CRITICAL: Foreclosure sale 3/20/2018 while modification under review – explicit RESPA §1024.41(g) violation |
| Modification Agreement (Book 32585, recorded Oct 19, 2018) | New principal $300,277.68 – capitalizes accumulated damage; both Canns signed |
| Fannie Mae to MTGLQ Assignment (BK 30586/158, Jan 30, 2017) | Labeled 'FNMA NPL4' – confirms loan sold as non-performing; traces to manufactured delinquency |
| All 10 Anne Arundel County Assignment Records (2008–2025) | Complete investor chain; 5-year recording gap; SPS as attorney-in-fact executing assignments |
| CFPB Complaint (filing April 13, 2024) | Official federal record |

---

STATUTE OF LIMITATIONS:

The standard RESPA limitations period is 3 years (12 U.S.C. §2614). Claims arising after April 14, 2023 are within the straightforward 3-year window. Claims arising before that date require the discovery rule argument – that the limitations period did not begin until the Canns discovered or reasonably should have discovered the legal nature of the violations.

Three independent grounds support tolling:

(1) the Canns' bankruptcy attorney reviewed the foreclosure situation in 2014 and did not identify RESPA violations as the underlying cause, giving the Canns no reason to know they had legal claims;

(2) Green Tree's conduct was presented as administrative determinations rather than legal violations;

(3) the CFPB/FTC enforcement action against Green Tree was not announced until April 2015 – after the bankruptcy was filed – meaning no public information existed that would have alerted the Canns to the legal nature of Green Tree's conduct at the time it occurred.

| Legal Theory | Basis in This Case | SOL Analysis (ref: April 14, 2026) |
|---|---|---|
| RESPA §6(d) – Post-Transfer Protection | Notice of Default issued Oct 14, 2011 – 44 days post-transfer, within protected 60-day window | Violation Oct 2011 – 14+ years ago. Requires discovery rule. Bankruptcy attorney did not identify violation in 2014. CFPB action (April 2015) first public notice of Green Tree's pattern. Equitable tolling argument strong. |
| RESPA §6(e) – QWR Failure | Dec 28, 2011 letter = QWR; Green Tree responded 'WILL NOT RESOLVE' – not legally compliant | Violation Jan 2012 – 14+ years ago. Same discovery rule argument as above. Continuing harm doctrine may also apply. |
| RESPA §1024.41 – HAMP Denial / Loss Mitigation | June 23, 2014: incorrect income ($6,381.78 vs. $6,258.34 documented), no income for Lori, improper denial of Standard/Cap & Extend Modification, inadequate trial plan | Violation June 2014 – ~12 years ago. Requires discovery rule. Bankruptcy attorney failed to identify. CFPB action announced April 2015 – after bankruptcy filed. Attorney to evaluate. |

| | | |
|---|---|---|
| RESPA §1024.41(g) – Dual Tracking (Green Tree 2014) | Deed of Appointment filed Jan 2014 (Circuit Court C14184709) while modification application pending | Violation Jan 2014 – ~12 years ago. Requires discovery rule. Same grounds as above. Covered by Green Tree CFPB consent order period. |
| RESPA §1024.41(g) – Dual Tracking (Shellpoint 2018) | March 14, 2018 letter: foreclosure sale scheduled March 20, 2018 while modification under review – explicit documented violation | Violation March 2018 – ~8 years ago. Requires discovery rule. No attorney reviewed this until 2026. Modification agreement executed Aug 2018 may indicate ongoing harm into limitations window. |
| RESPA §6(b)(c) – Missing Transfer Notices | Shellpoint goodbye letter missing for Oct 2019 transfer; no Green Tree to Ditech notice (2015) | Shellpoint goodbye (Sept 2019): ~6.5 years ago – discovery rule needed. Ditech/Green Tree transition (Aug 2015): ~10.5 years – discovery rule needed. |
| RESPA §6 – SPS QWR Response Failure | QWR sent via certified mail April 2026 – SPS has 5 days to acknowledge, 30 days to respond | Clock starts on receipt of QWR (April 2026). WITHIN 3-YEAR WINDOW. Any failure to respond is a fresh violation. |
| RESPA §6(f) – Actual / Consequential Damages | Bankruptcy (Oct 2014); NPL designation (Jan 2017); credit damage; lost refinancing; 2018 capitalization of $300,277.68 | Damages flowing from any timely violation are fully recoverable regardless of when individual harm occurred. Continuing harm doctrine extends recovery window. |
| TILA Violations | Rate change at closing; 2nd mortgage term misrepresentation; APR discrepancy | Origination Sept 2007 – 18+ years ago as affirmative claim. NO SOL as foreclosure defense – TILA violations may be raised defensively at any time in foreclosure proceedings. |
| FDCPA – Non-Obligor Collection | Lori listed on Shellpoint statements Sept 2017–2018 (pre-modification) under maiden name; continued by SPS | 1-year SOL. Most Shellpoint pre-modification statements (2017–2018) are outside window as standalone claims. SPS statements (Oct 2019–present) may have continuing violations within window. Attorney to evaluate. |
| Foreclosure Defense – Standing | Bearer note; void Countrywide assignment; 8-year recording gap; SPS as attorney-in-fact executing own assignments; CIM Trust 2025-NR1 must prove unbroken chain | NO SOL – raised as defense to foreclosure. SPS must prove standing to foreclose regardless of when underlying transfers occurred. Most powerful argument available regardless of SOL issues on affirmative claims. |
| MD Consumer Protection Act | Illegal Shellpoint inspection fees ($15, Aug 2017) confirmed by MD OFR enforcement; unfair/deceptive servicing | 3-year SOL. MD OFR enforcement finding re: Shellpoint fees – may extend window depending on when finding was made. Attorney to evaluate MD-specific tolling rules. |
| CFPB Consent Order – Green Tree | Canns experienced exact conduct cited in April 2015 $63M consent order – may be class members or have individual claims | Consent order April 2015. Restitution fund may have separate claim process. Determine whether any restitution went unclaimed. |