Entered: June 29th, 2026
Signed: June 29th, 2026

**SO ORDERED**



_Michelle M. Harner_
**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

In re:                                    *
                                          *
Lori E. DeGraffenreid Cann,               *        Case No. 26-16140-MMH
                                          *
          Debtor.                         *        Chapter 13
                                          *
*     *     *     *     *     *     *     *     *     *     *     *     *

### SECOND INTERIM ORDER CONDITIONALLY IMPOSING AUTOMATIC STAY

The matter before the Court is the Emergency Motion to Impose Automatic Stay (the "Motion"), filed by Lori E. DeGraffenreid Cann, the above-captioned debtor (the "Debtor"). ECF 3. The Court granted the Motion on an emergency interim basis and set deadlines by which the Debtor had to file certain documents required under the Bankruptcy Code. ECF 17. The Debtor filed those documents, and the Court held a continued hearing on the Motion on June 29, 2026 (the "Hearing"). ECF 21–26. The Debtor and counsel to the Chapter 13 Trustee appeared at the Hearing.

The Debtor explained the circumstances surrounding the filing of this chapter 13 case and the changes in circumstances since the prior filings. The Chapter 13 Trustee stated several concerns regarding the continuation of this case, including less income and resources available to the Debtor, as well as her failure to satisfy her obligations under the Bankruptcy Code in prior cases. As the Court noted at the Hearing, the Debtor's prior filings and inability to complete those cases raise potential issues under the Bankruptcy Code and support the Chapter 13 Trustee's position in this case.

That said, the Debtor appears engaged in this case and willing to meet the deadlines and obligations of a chapter 13 debtor. Thus, having considered the entirety of the record, the Court will provide the Debtor with an opportunity to pursue and complete this chapter 13 case. The Court notes, however, that failure to do so *may result in the dismissal of this case with a bar to refiling future cases*. 11 U.S.C. § 109(g).

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the imposition of the automatic stay of section 362(a) of the Bankruptcy Code under the Court's prior Order at ECF 17 is hereby continued as to the Debtor, the Debtor's property, and property of the bankruptcy estate until further Order of the Court; and it is further

**ORDERED**, that the Debtor must submit all documents requested by the Chapter 13 Trustee and complete her meeting of creditors under section 341 of the Bankruptcy Code, as scheduled **on July 24, 2026**; and it is further

**ORDERED**, that the Debtor must begin making her monthly payments to the Chapter 13 Trustee under her proposed chapter 13 plan, *beginning with the July 2026 payment and continuing each month thereafter* until further Order of the Court; and it is further

**ORDERED**, that the Debtor shall review the claims register in her case and file any necessary or appropriate amendments to her bankruptcy schedules **on or before July 10, 2026**; and it is further

**ORDERED**, that if the Debtor complies with all her obligations under this Order and the Bankruptcy Code, the Court will hold a continued hearing on the Motion **on August 26, 2026, at**

**3:30  p.m.,  ET,  by  videoconference**;[1] the  Court  will  enter  separate  protocols  to  govern  that continued hearing; and it is further

ORDERED, that if the Debtor does not comply with all her obligations under this Order and the Bankruptcy Code, *the case will be dismissed with a bar to refiling and the hearing will not be held*.

**Copies to:**
Debtor
Chapter 13 Trustee
All Creditors

**END OF ORDER**

---

[1] As the Court stated at the Hearing, the Court encourages the Debtor to seek legal advice from a lawyer concerning her rights and remedies under state law, nonbankruptcy federal law, and the Bankruptcy Code, including with respect to the prepetition state law action against the Property and the Debtor's obligations concerning postpetition mortgage payments pending resolution of her disputes with the mortgage lender. *See, e.g.,* 11 U.S.C. §§ 361, 362, 1322(b), and 1325(a)(5).