**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
*Baltimore Division*

IN RE:
Lori E DeGraffenreid Cann, Case No. 26-16140
*dba Radish Frog,*
*Debtor*

U.S. Bank Trust Company, National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2026-NR1
*Claimant* Chapter 13

vs.

Lori E DeGraffenreid Cann,
*dba Radish Frog,*
*Debtor/Respondent*

---

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW, U.S. Bank Trust Company, National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2026-NR1 (hereinafter "Claimant"), by and through counsel, files this Objection to Confirmation of Chapter 13 Plan pursuant to 11 U.S.C. § 1325, generally, and Fed. R. Bankr. Proc. Rule 3015(f), and in support, respectfully represents as follows:

1. Jurisdiction is based on 28 U.S.C. § 1334(e) and 11 U.S.C. § 1324(a).

2. On or about June 9, 2026, Lori E DeGraffenreid Cann (hereinafter "Debtor") filed a petition under Chapter 13 of the United States Bankruptcy Code.

3. Prior to the petition filing date, the Debtor's executed a promissory note ("Note") dated September 7, 2007 in the principal amount of $242,400.00 at the original interest rate of

6.875%. The obligations under the Note are secured by a deed of trust, encumbering real property owned by the Debtor, improved by a residence known as **755 B 220th St, Pasadena, MD 21122** (hereinafter "Property").

4. Claimant is a secured claimant with respect to the subject Property.

5. Claimant expects to file a proof of claim indicating approximate pre-petition arrears of $220,832.59.

6. Debtor's Chapter 13 Plan (Doc. No.22) ("Plan") dated June 23, 2026, lists pre-petition arrears owed to Claimant in the amount of $0.00, which is underfunded by $220,832.59 *Chapter 13 Plan*.

7. The Pro se debtor is disputing in its entirety pending a potential adversary proceeding.

8. It is unclear whether the funding strategy currently proposed by the Debtor will sufficiently address all outstanding creditor claims.

9. Claimant objects to the extent that the Plan understates the arrears owed to Claimant in violation of 11 U.S.C. § 1325(a)(5)(B)(ii).

10. Claimant requests that this Court enter an Order Denying Confirmation of Chapter 13 Plan With Leave to Amend.

WHEREFORE, the Claimant and its assigns, pray that this Court:

1. Enter an order denying confirmation of the Chapter 13 Plan with leave to amend; or,
2. Grant such other and further relief as may be just and necessary.

Respectfully submitted,

Date: 08/20/2026

*/s/ Chetan Gopal*
Chetan Gopal, Esq.

MD Fed. Bar 31096
Robertson, Anschutz, Schneid & Crane & Partners PLLC
13010 Morris Road, Suite 450
Alpharetta, Georgia 30004
(470) 321-7112
{ATTYEMAIL}
*Counsel for Claimant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this August 20, 2026, the following persons were served a copy of the foregoing objection, in the manner described below:

*Via* CM/ECF Electronic Notice:

PRO SE
*Counsel for Debtor*

Brian A. Tucci
Brian A. Tucci, Chapter 13 Trustee
P.O. Box 1110
Millersville, MD 21108
*Chapter 13 Trustee*

*Via* First Class Mail, Postage Prepaid:

Lori E DeGraffenreid Cann
755B 220th St
Pasadena, MD 21122
*Debtor*

*/s/ Chetan Gopal*
Chetan Gopal, Esq.
cgopal@raslg.com