Entered: August 26th, 2026
Signed: August 26th, 2026

**SO ORDERED**

MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Baltimore**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Lori E. DeGraffenreid Cann, | * | Case No. 26-16140-MMH |
| | * | |
| Debtor. | * | Chapter 13 |
| | * | |

* * * * * * * * * * * * *

**<u>ORDER GRANTING SHORT CONTINUANCE AND FINAL OPPORTUNITY FOR DEBTOR TO COMPLY WITH OBLIGATIONS AND AVOID *DISMISSAL OF CASE WITH BAR TO REFILING*</u>**

The matter before the Court is the emergency request [ECF 39] (the "Emergency Request") by the above-captioned debtor (the "Debtor") to continue hearings on the Debtor's proposed chapter 13 plan [ECF 22] (the "Plan") and the Court's Second Interim Order Conditionally Imposing Automatic Stay [ECF 29] (the "Second Order"). *See also* ECF 36, 37. The Court is troubled by the last minute nature of the Emergency Request, particularly given that the hearings were scheduled to be conducted via videoconference. The Court is also troubled by the report of the Chapter 13 Trustee that the Debtor has failed to comply with certain of the terms of the Court's Second Order. ECF 36.

That said, the Court will provide the Debtor with one final opportunity to comply with the Second Order and appear at a rescheduled hearing to address the pending matters in this case, *all as set forth in the decretal paragraphs below*. The Debtor must comply in all respects with the terms of this Order to remain a debtor in this chapter 13 case. The Debtor's obligations to provide

documents to the Chapter 13 Trustee and to make payments under the Plan are not optional and are well overdue in this chapter 13 case. The Debtor's failure to comply in all respects with this Order ***will result in the dismissal of this case with a bar to refiling future cases***. 11 U.S.C. § 109(g).

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the imposition of the automatic stay of section 362(a) of the Bankruptcy Code under the Court's prior Order at ECF 17 is hereby continued as to the Debtor, the Debtor's property, and property of the bankruptcy estate until further Order of the Court; and it is further

**ORDERED**, that the Debtor must submit all documents requested by the Chapter 13 Trustee and required to complete her meeting of creditors under section 341 of the Bankruptcy Code **on or before September 9, 2026**;[1] and it is further

**ORDERED**, that the Debtor must make all Plan payments due under the Second Order until further Order of the Court; the Debtor must submit the outstanding August Plan payment to the Chapter 13 Trustee **on or before September 9, 2026**;[2] and it is further

**ORDERED**, that the Chapter 13 Trustee shall file a Line with the Court **on or before September 14, 2026**, confirming whether the Debtor has complied with her obligations under this Order (the "Trustee's Line"); and it is further

**ORDERED**, that if the Trustee's Line certifies that the Debtor has complied with all her obligations under this Order, the Court will hold continued hearings on the Plan and the automatic stay in this case **on September 16, 2026, at 10:00 a.m., ET, by videoconference**; the Court will enter separate protocols to govern that continued hearing; and it is further

**ORDERED**, that if the Trustee's Line certifies that the Debtor has not complied with all

[1] The Chapter 13 Trustee can schedule the actual meeting of creditors under section 341 of the Bankruptcy Code after this date but the Debtor must provide the Chapter 13 Trustee with all the required documents by September 9, 2026.
[2] The Chapter 13 Trustee stated that the Debtor made the July payment. ECF 36.

her obligations under this Order, ***the case will be dismissed with a bar to refiling and the hearing will not be held***.

**Copies to:**
Debtor
Chapter 13 Trustee
All Creditors

**END OF ORDER**